UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADVENTURES OUTBACK, LP. | § | Civil Case No.: 2:23-cv-322 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AO SERVICES, INC., a Texas | § | |
| Corporation and BRYAN ANTHONY, | § | |
| an individual | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## Plaintiff's Original Complaint

Plaintiff Adventures Outback, L.P. ("**Adventures Outback**") respectfully alleges as follows for its original complaint against Defendants AO Services, Inc. and Bryan Anthony:

### Nature of the Claims

1. This is an action for false designation of origin and unfair competition under 15 U.S.C. § 1125(a); common law trademark infringement and unfair competition under the laws of the State of Texas; and for injury to business reputation and dilution of the distinctive quality of the marks under Tex. Bus. Com. Code. Ann. §16.29.

2. All causes of action are based on the same set of operative facts related to the Defendants' unlawful appropriation of Adventures Outback's intellectual property rights. Without any authorization to do so (and after receiving a cease-and-desist letter instructing them *not* to do so), the Defendants have intentionally exploited Adventures Outback's intellectual property rights for their own benefit. Adventures Outback now brings this suit

seeking damages and injunctive relief prohibiting Defendants from further infringing its intellectual property rights.

## Parties

3. Plaintiff Adventures Outback, L.P., is a Texas limited partnership with its principal place of business in Georgetown, Texas.

4. Defendant AO Services, Inc. ("**Defendant**" or "**AO**") is a Texas corporation with its principal place of business in Orange Grove, Texas. According to records maintained by the Texas Secretary of State, Defendant AO may be served through its registered agent Bryan Anthony at 830 Timbercreek Drive, Orange Grove, Texas 78372, or wherever he may be found.

5. Defendant Bryan Anthony ("**Defendant**" or "**Anthony**") is an individual believed to be residing in Orange Grove, Texas, and upon information and belief, may be served at his residence at 830 Timbercreek Drive, Orange Grove, Texas 78372, or wherever he may be found.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1125(a) (the Lanham Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1367(a) (supplemental jurisdiction over related state law claims).

7. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, and because the Defendants reside in this District and/or have sufficient minimum contacts with the

State of Texas that requiring them to respond to this action would not violate the notions of fair play and substantial justice.

**CONDITIONS PRECEDENT**

8. All conditions precedent have been performed or have occurred.

**BACKGROUND FACTS**

9. Since April 3, 2018, Adventures Outback has operated under the trade name "AO Services" (the "**Mark**") in connection with its construction and related services. *See* **Exhibit 1**. As a result of Adventures Outback's longstanding use, the Mark has become widely known, is closely identified with Adventures Outback, and represents substantial, valuable goodwill.

10. Adventures Outback is the owner/administrator of two trademarks for which federal registrations are pending, as reflected in the portfolio attached hereto as **Exhibit 2**—including a standard character mark for "AO Services," and the stylized mark set forth below:



11. Adventures Outback uses the Mark in connection with its construction and related services as demonstrated on the following page:



12. Without Adventures Outback's consent (and in contravention of warnings set forth in a cease and desist letter), the Defendants have continuously infringed Plaintiff's intellectual property rights by using the Mark in connection with its concrete and related demolition services. Specifically, Defendants have used the Mark in business operations, advertising, social media pages, and merchandise. Several examples of Defendants' infringement of Plaintiff's Mark are set forth below:




13. In June 2023, Defendants received an award at the 2023 TCC-ACIT Industry Awards.[1] As Defendants received the award, both of Adventures Outback's marks were

---

[1] Texas Chemical Council – Association of Chemical Industry of Texas

prominently displayed behind them. Defendants subsequently posted the following photo on their Facebook page:



14. This demonstrates that there is actual confusion in the marketplace among Defendants' customers and industry peers, which are the same and/or similar to those of Adventures Outback.

15. Adventures Outback now files this suit against Defendants and seeks all available remedies.

### CAUSES OF ACTION

#### COUNT 1:
#### FALSE DESIGNATION OF ORIGIN AND
#### UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

16. Adventures Outback hereby re-alleges and incorporates the foregoing paragraphs.

17. The Defendants' use of the Mark constitutes a false designation of origin which is likely to deceive and, upon information and belief, has deceived customers and/or prospective customers into believing that Defendants' services are that of Adventures Outback and, as a result, is likely to divert and has diverted customers away from Adventures Outback.

18. With knowledge of Adventures Outback's rights in the Mark, the Defendants continue to offer services in connection with the Mark, and continue to capitalize on the good name, reputation, and goodwill of Adventures Outback.

19. The Defendants' acts, as alleged above, including their continued and unauthorized use of the words, terms, names, symbols and false designations of origin which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Adventures Outback and Defendants, or as to the origin, sponsorship, or approval of Defendants' goods, services, and commercial activities by Adventures Outback in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

20. The Defendants' acts, as alleged above, including their continued use of one or more Marks in commercial advertising or promotion, misrepresent the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, or commercial activities in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

21. Upon information and belief, the Defendants' unfair competition and passing off has been willful and deliberate, and designed specifically to trade upon the consumer goodwill created and enjoyed by Adventures Outback for Defendants' profit.

22. Adventures Outback's consumer goodwill is of great value in its industry and its geographic area. Adventures Outback has spent a significant amount of time and energy

building and maintaining its consumer goodwill and reputation. Adventures Outback is suffering, and will continue to suffer, irreparable harm if the Defendants' use of the Mark is allowed to continue.

23. Bryan Anthony's acts were a moving, active, and conscious force behind Defendant's unfair competition and use of the Mark.

24. Despite warning, Defendants' use of Adventures Outback's Mark has continued and will likely continue unless enjoined by this Court.

25. Adventures Outback is entitled to a permanent injunction against the Defendants, as well as all other remedies available under the Lanham Act, including but not limited to compensatory damages, treble damages, engorgement of profits, and costs and attorney's fees.

## COUNT 2
## TEX. BUS. & COMM. CODE § 16.29

26. Adventures Outback re-alleges and incorporates the foregoing paragraphs.

27. As a result of Adventures Outback's extensive use and promotion, its Mark is famous in the relevant industries and geographic area. Adventures Outback's Mark became famous prior to the Defendants' use of the Mark.

28. The Defendants' aforesaid acts are likely to dilute the distinctive quality of Adventures Outback's Mark and injure Adventures Outback's business reputation, in violation of the anti-dilution law of the State of Texas. TEX. BUS. & COMM. CODE § 16.29.

29. Bryan Anthony's acts were a moving, active, and conscious force behind Defendants' dilution of the Marks.

## COUNT 3:
## COMMON LAW TRADEMARK INFRINGEMENT

30. Adventures Outback re-alleges and incorporates the foregoing paragraphs.

31. The acts of the Defendants complained of herein constitute willful trademark infringement in violation of the common law of the State of Texas.

## DEMAND FOR JURY

32. Adventures Outback asserts its rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Adventures Outback, L.P. prays that:

(a) The Defendants, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, be enjoined from (1) all use of the Mark, (2) all use of any products and/or merchandise containing any of the Marks and/or any other mark or design that is confusingly similar to, or that is likely to dilute, the Mark, (3) any attempts to register the Mark; (4) any attempt to retain any part of the goodwill misappropriated from Adventures Outback, and (5) any other acts that violate Adventures Outback's trademark rights;

(b) The Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to destroy (1) all infringing products and/or merchandise, (2) any other products containing the Marks, (3) all packing, signage, advertisements,

internet postings using the Mark, and (4) any other materials bearing or using the Mark, and any other mark or design that is confusingly similar to, or likely to dilute, the Mark;

(c)  The Defendants be ordered to file with this Court and to serve upon Adventures Outback, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

(d)  Adventures Outback be awarded all monetary remedies to which it is entitled, including but not limited to all profits realized by Defendants (trebled and adjusted upward as the Court deems just) under 15 U.S.C. § 1117(a)-(b);

(e)  Adventures Outback be awarded statutory damages, if elected, under 15 U.S.C. § 1117(c);

(f)  Adventures Outback recover its reasonable and necessary attorney's fees;

(g)  Adventures Outback recover the costs of this action, and prejudgment and post-judgment interest; and

(h)  Adventures Outback recover such other relief as the Court may deem appropriate.

Respectfully submitted,

**AMINI & CONANT, LLP**
1204 San Antonio Street, Second Floor
Austin, TX 78701
Tel: (512) 222-6883
Fax: (512) 900-7967
service@aminiconant.com

By: *Jared Greathouse*
Jared A. Greathouse
State Bar No. 24077284
Allison Steele
State Bar No. 24131689
Jared@aminiconant.com
Allison@aminiconant.com
*Counsel for Plaintiff*